UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD ROSEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 09-11515-JLT |
| | * | |
| TMS, INC., and WARREN K. TROWBRIDGE, | * | |
| | * | |
| | * | |
| Defendants. | * | |

ORDER

June 30, 2011

TAURO, J.

After Motion Hearings held on November 17, 2010 and April 21, 2011, and reviewing the Parties' submissions, this court hereby orders that:

Defendant Warren K. Trowbridge's Motion for Summary Judgment on Count I of the Amended Complaint [#41], Plaintiff's Motion for Summary Judgment on Count I of His Complaint [#44], and Plaintiff's Emergency Motion to Supplement Plaintiff's Motion for Summary Judgment on Count I of his Complaint [#59] are DENIED.

There are genuine issues of material fact[1] that prevent this court from allowing either Parties' Motions. The Parties agree that the key issue presented here is whether Plaintiff was performing work after February 12, 2009 and, therefore, "earned" wages entitling him to

---

[1] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (explaining that a fact is material if it "might affect the outcome of the suit under the governing law").

recovery under the Wage Act.[2] They, however, vigorously dispute whether Plaintiff in fact performed work.[3] This dispute is a question of material fact because its resolution likely determines whether Plaintiff may recover under the Wage Act.[4]

First, as to Defendant Trowbridge's Motion, a reasonable jury could find[5] that the evidence supports that Plaintiff performed work.[6] Defendant Trowbridge's reliance, therefore, on cases that disallow litigants from converting contract claims into Wage Act claims is inapt.[7] None of those cases concerned employees who had performed work.[8] Such a jury finding might

---

[2] See, e.g., Mot. Hr'g Tr., 15:7–16, 54:14–19, Nov. 17, 2010 [#63] (Defendant); id., 52:1–15 [#63] (Plaintiff). See generally M.G.L. ch. 149, § 148.

[3] Compare Pl.'s Respnse [sic] Warren K. Trowbridge's Statement Undisputed Material Facts, 7–8, 12 [#50] (drawing largely from Plaintiff's deposition and explaining that Plaintiff continued working until his termination in September of 2009 and that his work was helpful to Defendant TMS), with Warren K. Trowbridge's Resp. Pl.'s Statement Undisputed Material Facts, 5–12 [#53], and Def. Warren K. Trowbridge's Opp'n Pl. Richard Rosen's Mot. Summ. J Count I Compl., 5–10 [#52] (drawing often on Defendant Trowbridge's declaration and explaining that all of Plaintiff's work (a) occurred before February 12, 2009 and was therefore compensated, (b) was unauthorized, (c) was de minimis, (d) or was never accepted or utilized by Defendant Trowbridge).

[4] See infra notes 8–9 and accompanying text.

[5] Anderson, 477 U.S. at 248 (explaining that there is a genuine issue or dispute of material fact if the evidence with respect to the material fact is "such that a reasonable jury could return a verdict for the nonmoving party").

[6] See Decl. Philip J. Gordon Supp. Pl.'s Opp'n Warren K. Trowbridge's Mot. Summ. J, Ex. 4 [#51] (including e-mails between Plaintiff and Defendant Trowbridge indicating work that Plaintiff performed on behalf of Defendant TMS, such as seeking out potential investors). Moreover, the jury could believe Plaintiff's testimony that he engaged in authorized work after February 12, 2009. Id., Ex. 5 [#51] (attaching the deposition transcript of Plaintiff).

[7] See Warren K. Trowbridge's Mem. Law Supp. Mot. Summ. J, 9–14 [#42].

[8] See, e.g., Fitgerald v. Chipwrights Design, Inc., No. 05-1050, 2005 Mass. Super. LEXIS 329, at *8 (Mass. Super. Ct. July 1, 2005) ("In the present case, the plaintiff has not earned the three months' salary under the agreement's notice period because she did not perform the work."

allow Plaintiff to recover against Defendant Trowbridge pursuant to the Wage Act.[9]

Second, as to Plaintiff's Motions, a reasonable jury could alternatively find that Plaintiff did not perform work after February 12, 2009.[10] If this other reasonable jury found as such, Plaintiff would not be entitled to recover from Defendant Trowbridge.[11] Moreover, the Parties also dispute the fact of whether Plaintiff was paid for the work he performed for the two weeks

---

(citing Kittredge v. McNerney, No. 03-2146, 2004 Mass. Super. LEXIS 185, at *9 (Mass. Super. Ct. May 11, 2004); Huebsch v. Katahdin Indus., Inc., No. 00-4483, 2001 Mass. Super. LEXIS 209, at *9 (Mass. Super. Ct. Apr. 24, 2001)); Kittredge, 2004 Mass. Super. LEXIS 185, at *9 ("There is no dispute that the [employees] had been paid, in accordance with the usual payroll practices of the Corporation, their fair share of the salaries they were entitled to for the work they performed on behalf of the Corporation prior to their termination."); Huebsch, 2001 Mass. Super. LEXIS 209, at *9 ("Moreover, the Wage Act expressly states that it applies only to wages earned by the employee. [The employee] did not work during the second year and therefore did not earn any part of the second-year salary."). Defendants emphasize that Kittredge, while citing but expanding upon Huebsch, makes the broad statement that it is doubtful that the "Legislature intended to include within the rubric of wages or salary 'earned' those monies that are due to the employee because of contractual obligations entered into by the employer, regardless of whether the work was performed." Kittredge, 2004 Mass. Super. LEXIS at *7 (internal citation omitted). Kittredge's tentative statement, however, appears to be mere dictum. And despite the Fitgerald court's agreement with the Kittredge court, see Fitgerald, 2005 Mass. Super. LEXIS 329, at *8, this statement does not nullify the critical difference between this case, where the evidence indicates that Plaintiff may have "performed the work," and those cases, where the claims arose solely from the employment agreement. Fitgerald, 2005 Mass. Super. LEXIS at *9.

[9] See Wiedmann v. Bradford Group, Inc., 444 Mass. 698, 711, 831 N.E.2d 304, 313 (2005) (explaining how individuals may be liable under the Wage Act).

[10] See Warren K. Trowbridge's Resp. Pl.'s Statement Undisputed Material Facts, 5–11 [#53]; id. Ex. 1 [#53] (containing declaration of Defendant Trowbridge).

[11] See supra note 8 and accompanying text.

3

preceding February 13, 2009.[12]  As a result, this is also an issue of fact for a jury to decide.[13]

IT IS SO ORDERED.

                                                  /s/ Joseph L. Tauro
                                             United States District Judge

---

[12] See Def. Warren K. Trowbridge's Mem. Resp. Ct.'s Nov. 23, 2010 Order, 1–2 [#56] (explaining that Plaintiff has not produced any evidence to show that he was being paid in arrears and therefore it is unclear if Plaintiff was paid for his two-week pay period of January 31, 2009 to February 12, 2009).

[13] This court, however, recognizes that severance pay may be recoverable under the Wage Act.  Compare Okerman v. VA Software Corp., 69 Mass. App. Ct. 771, 779, 871 N.E.2d 1117 (2007) ("To the extent that Savage's discussion of the language relevant to commissions in the wage act has been read to permit other restrictions to be added to § 148, that reading is incorrect." (internal citations omitted)), and Juergens v. Microgroup, Inc., No. WOCV2010-02379-D, 2011 Mass. Super. LEXIS 22, *5–6 (Mass. Super. Ct. Jan. 28, 2011) (denying a defendant's motion to dismiss a count of a plaintiff's complaint that had alleged that severance pay was due under the Massachusetts Wage Act), with Weems v. Citigroup, Inc., 453 Mass. 147, 151, 900 N.E.2d 89 (2009) ("Our appellate courts have held that the act does not cover contributions to deferred compensation plans or severance pay." (internal citations omitted)).